Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

District of

Division



Case No. 2:20-cv-1887

*(to be filled in by the Clerk's Office)*

Sean McDowell

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**-v-**

Carnegie Mellon University (including Lenny Chan, Holly Hippensteel, James Garrett, Gina Casalegno, Elizabeth Rosemeyer, Daniel Munsch, Patience Whitworth), Stephanie Peel

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

DEC 07 2020

RECEIVED

## COMPLAINT AND REQUEST FOR INJUNCTION

**I.    The Parties to This Complaint**

    **A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Sean McDowell |
| Street Address | 5727 Elwood St, Apt E3 |
| City and County | Pittsburgh, Allegheny County |
| State and Zip Code | PA 15232 |
| Telephone Number | 810.221.3021 |
| E-mail Address | smcdowell90@gmail.com |

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Carnegie Mellon University (multiple individuals) |
| Job or Title *(if known)* | |
| Street Address | 5000 Forbes Ave |
| City and County | Pittsburgh, Allegheny Count |
| State and Zip Code | PA 15213 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Stephanie Peel |
| Job or Title *(if known)* | |
| Street Address | 260 Forbes Ave #1800 |
| City and County | Pittsburgh, Allegheny County |
| State and Zip Code | 15222 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* _____

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Civil Rights Act - Title IX, potentially Title VII
Right of due process under US Constitution
Right to privacy under US Constitution
Right to a fair trial under US Constitution

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*   Sean McDowell          , is a citizen of the State of *(name)*   Michigan          .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____

and has its principal place of business in the State of *(name)* _____

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of

the State of *(name)* _____ . Or is a citizen of

*(foreign nation)* _____ .

    b.    If the defendant is a corporation

        The defendant, *(name)* _____ , is incorporated under

        the laws of the State of *(name)* _____ , and has its

        principal place of business in the State of *(name)* _____ .

        Or is incorporated under the laws of *(foreign nation)* _____ ,

        and has its principal place of business in *(name)* _____ .

        *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

        The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

        N/A

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

    A.    Where did the events giving rise to your claim(s) occur?

        On-campus (or through campus virtual communications) at Carnegie Mellon University. This involved in-person meetings (pre-covid), Zoom virtual meetings, and email communications.

    B.    What date and approximate time did the events giving rise to your claim(s) occur?

There are many, but key dates include: 11 May 2020 at 15:23, early June (exact date not available as I was not involved in the communication), 15 October 2020 at 15:04, 5 November 2020 at 19:45, 11 November 2020 at 9:14, 24 November 2020 13:35, 25 November 2020 at 9:10, 1 December 2020 at 13:52, 3 December 13:20

C.      What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

I filed a Title IX complaint against a classmate (Kaidi Su) in January 2020; this was for sexual assault, sexual harassment, physical assault with a weapon, etc.. This launched an investigation beginning 31 January 2020. Throughout that time, the University has wrongfully disclosed my disability status, refused to speak with my proposed witnesses who have material and relevant information, and not provided a "prompt" resolution to my copmlaint as required by Title IX statutes. A hearing was initially scheduled for 18 May 2020, but was canceled less than one full week before, violating my right to expedience.

Regarding wtinesses, the investigator (Stephanie Peel, formerly Elizabeth Rosemeyer) has spoken with all proposed witnesses of the other party, no matter how relevant, but has declined to speak with many of my witnesses, indicating unequal treatment of parties.

In October, I informed the University (Holly Hippensteel, Gina Casalegno, Lenny Chan, Provost James Garrett) I had been speaking with media. In November, the University was informed I had filed a complaint through the Office of Civil Rights, specifically naming certain individuals (any individual mentioned in this document). The University has refused to recuse individuals (via Holly Hippensteel) named, indicating a willful intent to bias the process, as this constitutes an obvious conflict of interests. That the University is biased against me is demonstrable given their ruling against me for an internal complaint filed. While I understand the Courts do not enforce individual University policy, it illustrates that CMU had no intent to provide an unbiased process. The policy violation was demonstrable, yet the University still ruled it did not occur. This complaint was decided by Provost James Garrett.

Elizabeth Rosemeyer, the original investigator, engaged in disclosure of my private and stigmatizing medical information, despite advice from General Counsel of the University that this was not allowed. Rosemeyer and I even discussed beforehand these mentions should be redacted, and within days, her disclosure had occurred. Rosemeyer recused herself in August 2020 upon hearing of the complaint I had filed against her.

In June, the University put the investigation on hold withhout notifying me or providing a reason. This was on hold nearly three months, but we can infer the University intended to wait until the new TIX rules were in place. This is demonstrable by the fact Rosemeyer contacted me that the investigation would continue on 14 August 2020, the day the new regulations were set to begin. The University eventually said that pause was due to an informal settlement process, but this is demonstrably untrue, as that process failed in July, yet the investigation was not unpaused. Furthermore, there has been an arbitrary enforcement of these policies, as another informal settlement process began in November, yet the investigation was not put on pause, constituting an inconsistent application of rules and violation of precedent. Nothing in the new Title IX regulations bars a pause, and therefore the University's precedent should be followed.

I have kept multiple media contacts informed of the proceedings as they happen. Additionally, I have forwarded any and all information to the investigating attorneys at the Office of Civil Rights. Student government representatives have been informed in order to advocate for me against the University. This includes Melissa Bizzari, Julia Fairweather, Aamer Rakla, David Yaffe, Lily Wolens, Christopher Wendt, Satvika Neti, Maggie McGrann, Adam Stein, Kristen Allen, and Dacen Waters. University administrative members Wendy Hermann, Kevin Monahan, Kate Barraclough, and Robert Dammon have also been informed of all proceedings.

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

I seek an injunction that halts all University proceedings in order to allow the Office of Civil Rights ample time to finish their investigation and reach a conclusion regarding Carnegie Mellon's ahderance to federal law under Title IX of the Civil Rights Act, as well as several Constitutional rights. As the University has refused to recuse individuals with obvious conflicts of interest, there is potential for this to result in further retaltiation (outside those actions listed above).

Since the University's procedures put sole decision making power in the hearing on one indivdiual who has a conflict of interest, this has potential to cause an unfair and injust result due to retaliation. Furthermore, if I am found against, the individual who chooses the punishment has the same conflict of interest, and could arbitrarily choose to expel me from the University despite a potentially unfair hearing.

Potential wrongful expulsion would irreparably damage both my professional and academic career moving forward, as well as demosntrable damage to my reputation. Additionally, the University is allowing widespread use of my private and stigmatizing disability information to cause damage to my reputation, indicating the irreprarable injury is demonstrable.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I am requesting the court order Carnegie Mellon University immediately pause all proceedings involving complaints either filed by myself (Sean McDowell) or against me in order to ensure a fair process. The University continues to deny my right to due process and a fair review by not recusing individuals with an obvious conflict of interests. I do not seek financial damages, only a pause in process until the Office of Civil Rights has had adequate time to finish their investigation and reach a conclusion as to whether or not  the violation occurred. The investigation is already underway.

As the University is attempting to force me into an interview on 8 December 2020, I am requesting immediate relief. This argument has been provided in good faith and I have documentation to support the claims above.

This request causes the University no damage. It also does not harm the resondent to my Title IX complaint, as that individual is also entitled to a fair process.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          12/07/2020

Signature of Plaintiff

Printed Name of Plaintiff          Sean McDowell

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address